NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HECTOR JOSUE VAZQUEZ PADILLA, )
)
   Appellant, )
)
v. )    Case No.   2D13-4916
)
STATE OF FLORIDA, )
)
   Appellee. )
_____)

Opinion filed April 1, 2016.

Appeal from the Circuit Court for
Pinellas County; Nancy Moate Ley,
Judge.

Bryant R. Camareno of Bryant R.
Camareno, P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

   Hector Josue Vazquez Padilla appeals from his conviction and life

sentence for first-degree murder. He argues that the trial court erred when it admitted

into evidence an audio recording of a statement made to police by a person who

implicated Padilla in the crime. Because the statement was testimonial and the witness was not available or subject to prior cross-examination, admission of the recording violated Padilla's Sixth Amendment right to confront the witnesses against him. Therefore, we reverse for a new trial.[1]

In September 2011, Padilla was indicted for the May 2006 first-degree shooting murder of Marcos Diaz. At trial, the State called Abel Garcia as a witness. In response to questions about the events surrounding Diaz's death, Garcia asserted his Fifth Amendment right to remain silent. The trial court told Garcia he had no right to remain silent, and the State continued to question him about statements he had made to police naming Padilla as the person who shot Diaz. Garcia testified he did not remember the night Diaz was killed nor did he remember making any statements about the incident. In an effort to refresh his recollection, and outside the jury's presence, the State played an audio recording of a statement Garcia gave to police in 2011. On the recording, Garcia told police Padilla thought Diaz had set him up to be robbed in a drug deal. In retaliation, Padilla, along with Garcia and several others, drove Diaz to a secluded area where Padilla shot him. After listening to the recording, Garcia denied recognizing his own voice and continued to insist he had no memory of the events.

The State then sought to introduce the recording into evidence over Padilla's objection. Padilla argued that Garcia had identified someone other than Padilla as the killer in a 2008 statement to police, and that admission of the taped interview violated his Sixth Amendment right of confrontation. The State countered the interview was admissible as a statement against interest and that Garcia was

---

[1]We find no merit in Padilla's second issue regarding the trial court's denial of his motion to continue the trial and affirm that issue without discussion.

"unavailable" as a witness based on his lack of memory and his refusal to testify. The trial court found Garcia unavailable because of his refusal to testify, and it allowed the recording into evidence. The jury convicted Padilla as charged and the trial court sentenced him to life in prison.

On appeal, Padilla, citing Crawford v. Washington, 541 U.S. 36 (2004), argues the trial court's admission of Garcia's statement violated his Sixth Amendment right to confront witnesses. According to Crawford, admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement is testimonial, (2) the declarant is unavailable, and (3) the defendant lacked a prior opportunity for cross-examination of the declarant. Crawford, 541 U.S. at 53-54. "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." State v. Belvin, 986 So. 2d 516, 520 (Fla. 2008) (quoting Davis v. Washington, 547 U.S. 813, 821 (2006)). Under Crawford, testimonial hearsay "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." 541 U.S. at 68.

We must first consider whether the statement was testimonial. Statements made during police interrogations are testimonial when the circumstances objectively indicate no ongoing emergency, and "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Davis, 547 U.S. at 822. Here, no ongoing emergency existed when police questioned Garcia in 2011 regarding an unsolved murder from 2006. Thus, we conclude the statement meets Crawford's requirement that it be testimonial.

- 3 -

Next, we consider whether Garcia was unavailable to testify. Crawford, 541 U.S. at 53-54. Section 90.804(1)(b), Florida Statutes (2011), provides that a witness may be declared unavailable if he "[p]ersists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." In finding Garcia unavailable, the trial court stated:

> I observe that [Mr. Garcia] has appeared to be terrified. . . . So when he says he doesn't remember, I don't think he actually—my observation, my reading of his body language, my listening to his statement, my looking at all the facts and circumstances, I don't believe that that is the case. He seemed—matter of fact, he was cross-examined essentially by both sides and you-all asked a lot of questions that would trip up most witnesses, and he was very astute in listening carefully to the question and not being tripped, which I'm sure disappointed at least one side if not both sides. So he was very effective at listening, being exactly aware of what the question is, and giving just the right part of the not-remembering defense that he has set up for himself.
>
> By doing that and engaging in that pattern for well over an hour, I'm going to find, as in Ehrhardt, that his refusal to testify makes him unavailable, which is very different than saying this witness used to have the mental acuity to testify and now he doesn't, he has true lack of memory. . . . So I will find that what Mr. Garcia is calling a failure of his memory, once I ordered him to testify, is, in fact, his refusal to testify.

Based on our review of the record, we conclude the trial court was within its discretion in finding that Garcia's refusal to testify rendered him unavailable as a witness. See Jackson v. State, 575 So. 2d 181, 187 (Fla. 1991) (noting that a trial court's determination on the issue of availability will not be disturbed absent a clear abuse of discretion).

Because Garcia was unavailable at trial and his prior statement was testimonial, we must next consider whether Padilla had a prior opportunity to cross-

- 4 -

examine Garcia.  See Crawford, 541 U.S. at 53-54.  To surmount this hurdle, the State points to the fact that Padilla had the opportunity to cross-examine Garcia during his pretrial deposition.  A discovery deposition, however, does not satisfy Crawford's cross-examination requirement.  Corona v. State, 64 So. 3d 1232, 1241 (Fla. 2011) (discussing how a pretrial deposition did not afford a defendant with an adequate opportunity for cross-examination); State v. Lopez, 974 So. 2d 340, 349 (Fla. 2008) (holding that discovery depositions do not provide a sufficient opportunity for cross-examination since they are primarily "taken for the purpose of uncovering other evidence or revealing other witnesses," not questioning credibility).

Violations of the Confrontation Clause, if preserved, are subject to a harmless error analysis.  State v. Contreras, 979 So. 2d 896, 911 (Fla. 2008).  The State, as beneficiary of the error, has the burden to show there is no reasonable possibility that the error affected the verdict.  State v. DiGuilio, 491 So. 2d 1129, 1138-39 (Fla. 1986).  "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." Id. at 1139.  Garcia's statement to law enforcement was the most significant piece of evidence against Padilla.  The State argues any error was harmless because Garcia's statement was consistent with other evidence in the trial.  The State's witnesses only corroborated parts of Garcia's statement, and no physical evidence connected Padilla to the crime.  Given the significance of Garcia's statement to the State's case, we cannot say beyond a reasonable doubt that its admission did not affect the verdict.  Accordingly, we reverse for a new trial.  See DiGuilio, 491 So. 2d at 1139.

Reversed and remanded for a new trial.

WALLACE and CRENSHAW, JJ., Concur.